Dovey v. Schlater.

GEORGE E. DOVEY, ADMINISTRATOR, ET AL., APPELLANTS, v. FRANK E. SCHLATER, SPECIAL ADMINISTRATOR, ET AL., APPELLEES.

FILED APRIL 29, 1916. No. 19475.

1. Executors and Administrators: VOID JUDGMENT: RELIEF IN EQUITY. One whose individual property and the partnership property in which he has an interest is seized under an execution issued on a void judgment against him in his capacity as the administrator of the estate of a deceased person may maintain a suit in equity to enjoin the sheriff, and those who obtained the judgment, from attempting to subject such property to the satisfaction of such void judgment.

2. ———: ———: ———: SUFFICIENCY OF PETITION. The substance of plaintiff's petition set out in the opinion, and *held* sufficient to entitle him to equitable relief.

APPEAL from the district court for Cass county: JAMES
T. BEGLEY, JUDGE.   *Reversed.*

*John L. Webster* and *D. O. Dwyer,* for appellants.

*J. J. Sullivan, C. A. Rawls, A. L. Tidd* and *F. A. Brogan,*
*contra.*

BARNES, J.

This is an appeal from a judgment of the district court
for Cass county sustaining a demurrer to plaintiffs' bill
in equity, by which it was sought to establish the interest
of defendants' decedent in certain property, and to enjoin
the levy and collection of an alleged judgment of the coun-
ty court of that county, and dismissing the action.

It was averred in the petition that plaintiff, George E.
Dovey, was the administrator of the estate of his father,
E. G. Dovey, who departed this life in the year 1881; that
deceased left surviving him his widow, Jane A. Dovey, and
his sons, Horatio N. Dovey, Oliver C. Dovey, and the plain-
tiff, George E. Dovey; that Jane A. Dovey departed this
life in the year 1913, and that Frank E. Schlater was ap-
pointed special administrator of her estate; that, upon a
petition to the county court by said Schlater, the plaintiff,
George E. Dovey, was cited to appear and render his ac-
count as administrator of the estate of his father, E. G.
Dovey; that he rendered a true and correct account of
his administration of the estate of the deceased; that his
account was wrongfully disallowed, and he was surcharged
by the court with the amounts alleged by Schlater to be due
the estate of Jane A. Dovey; that a judgment was ren-
dered against the plaintiff, George E. Dovey, as adminis-
trator of his father's estate, for the sum of $54,297.64, and
in favor of the estate of his mother, Jane A. Dovey; that
such judgment was rendered without any order of distribu-
tion ever having been made; that the other heirs of the
estate of E. G. Dovey were never cited to appear, and were
not parties to the proceeding; that the alleged judgment
was filed in the office of the clerk of the district court for

Cass county, and the execution in question in this case was issued by the clerk against the plaintiff, George E. Dovey, as upon a personal judgment for that amount; that the sheriff of Cass county had pretended to levy the execution on 371 shares of bank stock owned by the firm of E. G. Dovey & Son, which was deposited as collateral with the Omaha National Bank; that the sheriff pretended to levy the execution on certain shares of bank stock which were owned by the plaintiff, and proceeded to levy on the goods and merchandise contained in the general store of the partnership of E. G. Dovey & Son, and the store building in which the stock of merchandise was contained and in which the partnership business was being conducted; that said execution was being levied on said property as the personal and individual property of the plaintiff, George E. Dovey; that the sheriff was about to sell the property so levied upon, notwithstanding the fact that plaintiff, George E. Dovey, had appealed from said void judgment to the district court for Cass county. It was further alleged that the district court had wrongfully dismissed George E. Dovey's appeal, for the sole reason that he had been unable to furnish a bond for such appeal. The petition further set forth, in substance, the following facts: At the time of the death of E. G. Dovey, he and the plaintiff, George E. Dovey, were equal partners conducting a copartnership business in the town of Plattsmouth, in Cass county, Nebraska, which business consisted of a general merchandise business then being carried on by them under the firm name of E. G. Dovey & Son; that as a part of the co-partnership business they owned certain bank stock in the First National Bank of Plattsmouth, Nebraska, and other property, real and personal, constituting a part of the said partnership business; that at the time of the death of E. G. Dovey the partnership business was of the aggregate value of $52,092.42, and upon his death the value of the interest of the plaintiff, George E. Dovey, of Horatio N. Dovey, Oliver C. Dovey and Jane A. Dovey, became and was as

99 Neb. 47

follows: The plaintiff, George E. Dovey, was the owner of an undivided one-half interest in the partnership of E. G. Dovey & Son, of the value of $26,046.21. Plaintiff, George E. Dovey, as the heir of E. G. Dovey, was entitled to a portion of the estate of his deceased father, amounting to $6,511.55; Horatio N. Dovey, as heir, was entitled to $6,511.55; Oliver C. Dovey, as heir, was entitled to $6,511.55; and Jane A. Dovey, the widow, was entitled to $6,511.55, making a total of $52,092.42. That, in addition to the foregoing partnership property, E. G. Dovey owned, in his own right, certain real estate in Cass county, Nebraska, and other choses of action; that after the death of E. G. Dovey the business theretofore carried on under the partnership name of E. G. Dovey & Son continued to be carried on in the same manner and under the same name, and the interest of the several parties as aforesaid in the said business remained invested therein; that afterwards, in 1895, it was claimed by Oliver C. Dovey and Horatio N. Dovey, defendants herein, that a mutual understanding or agreement was reached by which they became equal partners with the plaintiff, George E. Dovey, in the said business of E. G. Dovey & Son; that thereafter the business was carried on in the same manner, and that Horatio N. Dovey and Oliver C. Dovey each claimed to be entitled to an undivided one-third interest in the assets and profits of said business; nevertheless the business was continued and conducted under the name and style of E. G. Dovey & Son, and the three brothers contributed thereto in a greater or less degree, until September, 1909, when Oliver C. Dovey withdrew therefrom; that during all of the period from the time of the death of E. G. Dovey, in 1881, down to September 22, 1909, a period of 28 years, Jane A. Dovey, the widow and mother of the three boys, George, Oliver, and Horatio, permitted her interest in the said business of E. G. Dovey & Son to remain therein and to be used by the said brothers in the business of E. G. Dovey & Son to all intents and purposes as if the interest of Jane A. Dovey therein constituted a part of the assets of E. G. Dovey &

Dovey v. Schlater.

Son, and the business was conducted without any opposition on the part of Jane A. Dovey during all of said 28 years; that she knew that her interest in said business was so used as a part of the assets therein, and consented and acquiesced therein and thereto during the said 28 years, and from time to time drew therefrom such sums of money as she needed for her personal living and expenses, and that at no time during the said 28 years did the said Jane A. Dovey make any claim or assert any right to the withdrawal of her interest in the said business, or make any claim or assert any right that her interest was being in any manner converted or misappropriated by either of the three brothers, George, Horatio, or Oliver; that during the said period of 28 years rents collected and received from lands, the title to which had been in Edward G. Dovey, were placed in said business under the firm name of E. G. Dovey & Son, and when any part of said lands were sold the said Jane A. Dovey joined in the execution of the deeds or conveyances, and the proceeds of such sales were placed in the business of E. G. Dovey & Son as fully and effectually, and to all intents and purposes, as if the same belonged to the business of E. G. Dovey & Son, all of which was done with the full knowledge and acquiescence of the said Jane A. Dovey; that during all of said period of 28 years it was never claimed by Jane A. Dovey, or any other person in interest, that George E. Dovey had received said rents or choses in action or proceeds of sales of real estate in the capacity of administrator of the estate of E. G. Dovey, nor that he had received, handled, retained, or otherwise used any of the said rents, choses in action or proceeds of the sales of real estate as such administrator; but, to the contrary, all of said parties in interest, including the said Jane A. Dovey, recognized, consented to, and acquiesced in the receiving of said rents, choses in action and proceeds, and that the same became a part of the assets and business of E. G. Dovey & Son by the full consent and acquiescence of all the parties in interest, including the said Jane A. Dovey. It was further alleged that in September,

1909, the net value of the business of E. G. Dovey & Son, including the interest of Jane A. Dovey, was $142,796.56; that at that time Oliver C. Dovey withdrew from the business of E. G. Dovey & Son, and demanded of the plaintiff, George E. Dovey, and of Horatio N. Dovey, that they pay him, Oliver C. Dovey, for his undivided one-third interest of the business, the sum of $50,000; that in pursuance of his demand the plaintiff, George E. Dovey, and Horatio N. Dovey paid to Oliver C. Dovey the sum of $7,500 in money and gave him their promissory notes in the amount of $42,500, secured by mortgage upon certain real estate in which they separately had an interest as heirs of E. G. Dovey, deceased; that, thereupon, Oliver C. Dovey released, quit-claimed and surrendered to E. G. Dovey & Son all his right, title, claim or interest in the said business, and the said division of the assets of the business of E. G. Dovey & Son was submitted to Jane A. Dovey, the widow, for her consent, approval and acquiescence therein; that the proceeding was fully explained to Jane A. Dovey, and she then and there agreed and assented to and approved of the said settlement and division of the assets of E. G. Dovey & Son, and then and thereby released any and all interest of every kind and nature which she had in the moneys invested in the said business of E. G. Dovey & Son; that it was then agreed, among other things, that the said three brothers should thereafter contribute to the support of Jane A. Dovey the following sums of money, annually: George E. Dovey, $500; Oliver C. Dovey, $500; Horatio N. Dovey, $400; and that thereafter the said Jane A. Dovey should continue to reside at the home of Horatio N. Dovey. It was further stated that from and after September, 1909, up to the time of the death of Jane A. Dovey, in 1913, she continued to acquiesce in the division which had theretofore been made of the business of E. G. Dovey & Son, and by reason of the premises aforesaid the said Jane A. Dovey became, was, and is estopped, both in law and in equity, from asserting any right to any interest in the business of E. G. Dovey & Son, and from making any claim on her

part to any interest in the said business; that she thereby became barred during her lifetime from claiming or asserting any interest in said business, revenues, rents, choses in action or proceeds of the sales of any part of said estate by way of dower right or otherwise, and that the estoppel applies to Frank E. Schlater, special administrator, above referred to; that Jane A. Dovey died .on November 20, 1913, leaving a will, theretofore executed, by which she bequeathed and devised all her property of every kind and nature, without describing the same, to Edward Grovenor Dovey and George Oliver Dovey, sons of Horatio N. Dovey; that said will was and still is being contested in the courts, and its validity has not yet been finally determined. It is further alleged that when Frank E. Schlater, special administrator of the estate of Jane A. Dovey, filed his petition praying that the plaintiff herein, George E. Dovey, should file his account as administrator of the estate of his father, E. G. Dovey, he well knew all of the facts hereinbefore referred to, and was induced to file said petition in the interest of Edward Grovenor Dovey and George Oliver Dovey, and not otherwise. The petition also contained the report of the plaintiff, George E. Dovey, specified and itemized in full and verified as provided by law. It was alleged that, when said report was filed, Frank E. Schlater, as special administrator, filed exceptions thereto; that, when said report came on for hearing in the county court, the county judge rendered his judgment and finding therein against the plaintiff, George E. Dovey, as administrator of the estate of E. G. Dovey, in the sum of $54,297.64 in favor of the estate of Jane A. Dovey. The petition further alleged that the application of Frank E. Schlater contained no prayer for a judgment against the plaintiff, George E. Dovey; that none of the other parties interested in the estate of E. G. Dovey were cited to appear; that no order of distribution was ever made and no account of the interests of the several heirs of the estate of E. G. Dovey was ever rendered, and that without any further order, notice or proceeding whatsoever the county court rendered the

judgment aforesaid against this plaintiff, George E. Dovey; that said judgment was filed at the request of Frank E. Schlater in the district court for Cass county, and the execution above referred to was issued and placed in the hands of the sheriff of that county, who proceeded in the manner above stated. The petition also contained the allegation that plaintiff, George E. Dovey, was without any adequate remedy at law, and concluded with a prayer for equitable relief.

The petition and proceedings cover some 75 pages of printed matter, but we have only stated the substance of some of the allegations in order to show the nature of the action.

The record discloses that Oliver C. Dovey demurred to the petition for the reason that the facts alleged therein do not constitute a cause of action against him or entitle the plaintiff, George E. Dovey, to any relief. Defendant Frank E. Schlater filed an extended answer to the petition. The defendant Horatio N. Dovey also answered to the merits, and prayed that the petition of plaintiff, George E. Dovey, be denied, and to these answers said plaintiff replied. When the petition was filed the court issued a restraining order. The cause came on for hearing, and the district court sustained the demurrer of Oliver C. Dovey, and without taking any evidence, and without any further trial or hearing, held that the facts stated in the petition did not entitle the plaintiff, George E. Dovey, to any relief, and the action was dismissed.

When the appeal was lodged in this court, plaintiff George E. Dovey made application for a restraining order, which was allowed. Thereafter the defendant Schlater moved to vacate the order, and the ruling on the motion was continued to the time of final hearing.

As we view the record, the petition stated facts sufficient to constitute a cause of action and entitle the appellant to a trial of the case on its merits. This is an action wherein all the parties are brought before the court for the determination of their rights, and is the

only one adequate to meet the situation. The county court had no jurisdiction to render the judgment appealed from.

If it should appear from the evidence that Jane A. Dovey retained her interest in the partnership property, and consented to the investment and use in the partnership business of her interest in the estate and property of E. G. Dovey, and drew money from the said business as an interested partner therein for many years, then her administrator would be estopped to deny those facts. The trial court should determine whether Jane A. Dovey in her lifetime made a settlement with the other parties interested in the business and transferred to them all of her interest in the business, as alleged in the petition. If it is found that no such agreement and transfer were made, then the trial court should determine the nature of the interest, if any, she had in the partnership and its value at the time of her decease, which should be decreed to her administrator for distribution under the order of the county court. If either of the partners in said business applies for that purpose, the partnership should be dissolved and the interest of each partner in the assets should be determined. The pleadings will be amended, if desired, and evidence taken.

We are of opinion that the judgment of the trial court should be reversed and the cause remanded for further proceedings, and that in the trial of the cause the litigation among all of the parties should be settled by giving to each his due, and making each of them respond to the full limits of their respective obligations.

The judgment of the district court is reversed and the cause is remanded for further proceedings, in accordance with the views above expressed.

REVERSED.