GEORGE E. DOVEY, ADMINISTRATOR, ET AL., APPELLANTS, V.
    FRANK E. SCHLATER, SPECIAL ADMINISTRATOR, ET AL.,
    APPELLEES.

FILED DECEMBER 26, 1919. No. 21101.

1. **Partnership:** DECEASED PARTNER: RIGHTS OF HEIRS: PRESUMPTION.
    Several heirs who inherit the interest of one of two equal partners
    in a partnership business, and thereupon join in the management
    and conduct of the business without any contract with the former
    partner, will be presumed to each have an equal share in the profits
    with the other partner, but it will not be presumed that they are
    to share in the undivided one-half of the capital of the former
    partner, nor that the former partner is to be paid interest on his
    excess capital.

2. **Dower:** FAILURE TO CLAIM: PARTNERSHIP: INTEREST. Prior to the
    statute of 1907 (Laws 1907, ch. 49), a widow took no interest in
    the real estate of her deceased husband, except the right of dower.
    If dower is not assigned, and she makes no claim therefor, nor in

the proceeds of a sale thereof by the heirs, she will have no interest in such real estate, nor the proceeds thereof, which she can convey by will. Under the facts in this case, it is *held* that she was not entitled to interest upon her share of the personal property which she allowed her sons to use.

3. **Limitation of Actions: Trusts.** Her sons, in the management of this business under the circumstances, should be considered as trustees of her interests, and as long as they so held it in trust without questioning her right thereto, the statute of limitations would not run against her claim of an interest in the business.

4. **Appeal: Trial de Novo.** In appeals in equity, we must try the issues of fact *de novo* without reference to the findings of the trial court. But when witnesses examined in open court disagree radically as to an important fact, we will in determining that fact consider the advantages of the trial court in concluding which version is more probable.

5. **Evidence** indicated in the opinion is *held* to justify the decree as to Oliver Dovey.

Appeal from the district court for Cass county: Edward E. Good, Judge. *Affirmed in part, and reversed in part.*

*John L. Webster, Byron G. Burbank* and *D. O. Dwyer,* for appellants.

*Jesse L. Root, Matthew Gering, C. A. Rawls* and *A. L. Tidd, contra.*

Sedgwick, J.

After this court had reversed the judgment of the district court in *Dovey v. Schlater,* 99 Neb. 735, and remanded the same to the district court, Schlater, as administrator of the estate of Jane Dovey, deceased, filed an answer and cross-bill therein against the partnership of E. G. Dovey & Son, and asked for judgment thereon. The trial court found in favor of the administrator and entered judgment for $76,520.62. From this judgment E. G. Dovey & Son and George E. Dovey have appealed to this court.

Mrs. Jane Dovey died November 20, 1913, and a few months before her death executed a will whereby she gave all of her estate to two sons of Horatio N. Dovey.

The will was contested, but afterwards confirmed (*In re Estate of Dovey*, 101 Neb. 11), and Schlater as administrator represents the interests of these two sons under the will.

The first contention of the appellant E. G. Dovey & Son is that Jane Dovey, before making the will, had disposed of all her interest in the property of the firm of E. G. Dovey & Son. After the death of their father, the three sons, George E., Oliver C., and Horatio N. Dovey, continued the business of the former partnership of E. G. Dovey & Son, which consisted of Edward G. Dovey and George E. Dovey until in September, 1909, when a disagreement arose among these parties, and Oliver withdrew from the firm, receiving as his share the sum of $50,000, and the business was continued by George and Horatio in the same firm name of E. G. Dovey & Son. The contention is that Mrs. Dovey, who was then living with Horatio, was so desirous of having the controversy between her sons adjusted that she consented to release her interest in the partnership property in consideration of an agreement that each of her sons should give her a specified sum annually for her use and support. The appellants contend that the whole value of the partnership property at that time was $142,796.56, so that $50,000 given to Oliver was more than he would be entitled to upon an equitable division of the estate, and was given him in order to obtain a settlement, in deference to the wishes of their mother, and in consideration that he was to furnish a certain amount annually for his mother, which, together with the amount that the other brothers were to furnish, was to be in lieu of her interest in the assets of the partnership. It is answered to this contention that, prior to this settlement with Oliver, George had received out of the partnership for his personal use much more than either Oliver or Horatio had received, and that the difference would be owing by him to the partnership, thereby in that amount increasing the partnership assets, so that

Oliver did not in this settlement receive a third of the value of the assets. This reasoning we think is fallacious. It is agreed that at the time of their father's death, the value of the partnership property was $52,-092.42, of which George was the owner of five-eighths, Horatio and Oliver each one-eighth and their mother one-eighth as the widow of the deceased. It is suggested that as there was no agreement between the parties as to the amount of capital that each should furnish for the business, nor as to interest thereon, the law will presume that they were equal partners, and it was decided by this court in a former appeal that they were equal partners in the profits of the business, but that is as far as this presumption would extend. There would be no presumption that George had agreed that the other two brothers should each have a share of the capital which he had furnished. Therefore, when he drew more than they did from the partnership, the presumption would be that he had with their consent withdrawn so much of his excess capital, and he would not be liable to the firm for the amount withdrawn by him so far as it equalized their investment in the business.

The evidence in regard to the contention that Mrs. Dovey relinquished all interest in the business to these three sons is substantially conflicting, and while in this equitable proceeding we are to try the question of fact *de novo* without reference to the finding of the trial court, it appears that several witnesses examined orally before the court gave conflicting testimony as to important facts, and, considering that the trial court had the opportunity of seeing these witnesses and observing their interest and manner of testifying, this court will, in weighing their testimony, give some consideration to the advantages of the trial court in estimating how much reliance is to be placed upon the conflicting evidence of these witnesses; and, considering all of the evidence so far as we have been able, we are not prepared to arrive at a conclusion upon this point different from that of the

trial court. We. conclude, therefore, that whatever interest the widow, Jane Dovey, had in the partnership assets at the time of her decease passed by her will to these legatees.

The important question then is as to the value of that interest, it being conceded that Jane Dovey, as the widow of Edward G. Dovey, deceased, took a one-eighth interest in his personal property. The trial court, after ascertaining the amount and value of the property of the decedent, allowed to the widow the full amount of her share in the estate, together with interest thereon at 7 per cent., computed with annual rests. In this we think the court erred. After the death of Edward G. Dovey, it appears that for many years there was entire harmony among the three sons and their mother, and the sons continued the business jointly, knowing that George was the owner of five-eighths of the business capital and each of the other three the owner of one-eighth. They each withdrew from the business money for their support from time to time, keeping account of all the money withdrawn. They made no contract as to the capital furnished by each, nor the profits that each should have. As before stated, it has been held in prior litigation among these parties that the three sons were equal partners in the business; that is, without any special agreement each would be entitled to an equal share in the profits of the business; and, under all the circumstances of the case, it may, upon the same theory, be presumed that the widow, Jane Dovey, consented that her share of her husband's estate should remain in the business. If the profits of the business during the time from the death of Edward G. Dovey to the entering of the decree appealed from, something over 37 years, had been sufficient to pay 7 per cent. interest on the investment, the value of the business would amount to more than $600,000. That is to say $52,092.42 at 7 per cent. interest, with annual rests during that time, would amount to more than that sum, which is more than the present value of the busi-

ness, together with amounts that the respective parties withdrew therefrom. Mrs. Dovey never made any demand for her share of the capital stock, and under the circumstances in this case it cannot be said that anything was due her from the partnership until some demand was made for settlement, and a refusal to comply with it. There was no express contract between the mother and her sons, and it must be determined from the evidence what contract must be implied. She took no part in the management of the business, and did not in any respect assist in carrying it on. Of course, she would be entitled to have her capital returned to her on demand. But what would be implied from the conditions existing, and the dealings of these parties among themselves, is not so easy a question. She lived with one of her sons, and it is not shown that she shared in the family expenses or contributed anything towards her own support. The sons agreed with her that she should have what money she wanted. Accordingly she received from them various sums of money from time to time as she might call for it. She never asked for interest or profits. She was not interested whether she received 1 per cent. or 7, but received it as due her because of her interest in the property. We think that the strongest implication is that she left her share with her sons, without charge, thinking she had enough for her declining years, and the agreement to give her her share as she might need it from time to time was all she demanded from her sons. Her one-eighth then of her husband's property, less what she had received, was willed to her grandsons.

Jane A. Dovey might have claimed a dower interest in the real estate of her deceased husband. This she never did, and dower was never assigned to her. The land was sold and no dower interest in the proceeds was declared or demanded. When she died her dower rights ceased. Therefore, she had no interest in the proceeds of this real estate that she could convey by will.

The statute of limitations should not be allowed to affect her claim. Her sons, in the management of this business under the circumstances, should be considered as trustees of her interests, and as long as they so held it in trust without questioning her right thereto, the statute of limitations would not run. George Dovey testified to some conversations with his mother indicating that the annual payments that the sons were to make her should be considered in lieu of her interests in the property, but this evidence, if believed and construed most liberally in favor of the defendants, would not be so clear and definite a refusal to longer consider that question open as to amount to a cancelation of the trust and place upon this woman the duty of electing whether she would accept the suggested arrangement, or assert her rights in court.

The record does not show that the defendant Oliver Dovey is a party to this appeal, but his rights are somewhat discussed in the briefs, which perhaps is justifiable, as this is an action in equity in which the conflicting rights of all parties are to be adjusted. He was allowed a small judgment against the partnership for his share of the money received from property of his father which was not included in the partnership business at his father's decease, nor afterwards. This allowance in favor of Oliver seems to be justified by the evidence, and the decree as to him is affirmed. The decree against the partnership is reversed and the cause remanded for further proceedings. Each party will be allowed to amend pleadings and introduce further evidence, if so advised. The costs in this court will be taxed against the adminstrator.

AFFIRMED IN PART, AND REVERSED IN PART.