T. M. Dover Mercantile Company *v.* Dover.

4-3079

Opinion delivered July 10, 1933.

*W. N. Martin* and *Hardin & Barton,* for appellant.
*Abe Collins,* for appellees.

BUTLER, J. This suit was instituted against appellant company by J. A. Dover, Mrs. Daisy Morrow, Mrs. Flora Weaver, Mrs. Oza Butler, James Freeman Dover (minor son of F. D. Dover, deceased) and Mrs. Lima Dover, widow of F. D. Dover. They allege that the appellant was indebted to the estate of T. M. Dover, deceased, for two items of $59.20 and $70, arbitrary charges against the Dover estate made under the direction of M. J. Dover, president of the Dover Mercantile Company; that said company was indebted for $300 rent for the year 1932 on the store building, for the dividends collected on stock of the Berry Dry Goods Company and for the $4,050 received from the sale of the dry goods company stock belonging to said estate, for which they prayed judgment for the amount of their respective interests therein.

The mercantile company answered denying the allegations of the complaint and averring in effect that the dry goods company stock was a part of the assets of the Dover Mercantile Company; that the items complained of were proper charges, and it was not indebted to the estate for any rent. It further alleged that the plaintiffs had previously sold all of their right, title and interest in the said corporation, and prayed that their complaint be dismissed for want of equity. The facts sufficiently appear in the decree of the trial court as follows: "This cause was submitted to the court for trial and determination upon the complaint with the interrogatories propounded to the defendants by the plaintiff attached thereto, the answer of the defendant, together with its answers to said interrogatories and the amendment to the answer of the defendant, all of which papers are on file herein, upon the deposition of A. Y. Berry and upon oral and documentary evidence taken in open court at the time, from a careful consideration of all of which the court finds that T. M. Dover, who formerly resided at Hatfield, in Polk County, Arkansas, departed this life intestate, on the 18th day of February, 1917, leaving surviving him as his sole and only heirs at law, his wife, America Dover, who departed this life in 1927,

and the following children: M. J. Dover, Mrs. Dora Carper, Mrs. Dovie Hilton, E. M. Dover and all of the above named plaintiffs, save and except Joseph Freeman Dover and Mrs. Lima Dover, who are the sole surviving heirs at law of F. D. Dover, who was the son of said T. M. Dover, but who has departed this life since the death of said T. M. Dover, and that all of the indebtedness of the estate of said T. M. Dover and F. D. Dover and America Dover, has been fully paid.

"That the defendant corporation, T. M. Dover Mercantile Company, was organized on or about March 1, 1917, by taking over the merchandise, notes and accounts belonging to the estate of the said T. M. Dover to amount of $30,000, which property constituted all of the assets of said corporation, which issued 300 shares of stock of the par value of $100 each, 23 shares of which were issued to each of said children of said T. M. Dover, deceased, and 93 shares of which were issued to said America Dover, widow of the said T. M. Dover, deceased. That at the time of the death of said T. M. Dover, deceased, he was the owner of 120 shares of stock of the par value of $25 each in the Berry-Beall Dry Goods Company of Fort Smith, Arkansas, a corporation, now known as the Berry Dry Goods Company; that said stock in said corporation was never owned by the defendant, T. M. Dover Mercantile Company, but at all times remained the property of said heirs of said T. M. Dover, deceased, but that the defendant, T. M. Dover Mercantile Company, has at all times since its organization acted as the agent or trustee for all of the said heirs at law of said T. M. Dover, deceased, in the handling of said stock in said Berry Dry Goods Company, collecting the dividends thereon and in the collection of rents on property owned by said heirs at law of said T. M. Dover, deceased.

"That on March 10, 1926, said defendant, T. M. Dover Mercantile Company, without any right or authority, had the stock of T. M. Dover, deceased, in said Berry Dry Goods Company transferred to said defendant on the books of said Berry Dry Goods Company, and on April 19, 1928, sold said stock to A. Y. Berry and received

therefor the sum of $4,050; that on February 23, 1926, it collected a dividend on said stock amounting to $240, but has not accounted to any of the plaintiffs herein for their portion of the proceeds collected from the sale of said stock and said dividends, although due demand has been made therefor, said demand having been made on March 1, 1932; that the plaintiff J. A. Dover did not knowingly treat said items as assets of the defendant; but that the proof is not sufficient to establish the allegations of the complaint that the defendant ever received the other dividends on said stock mentioned therein.

"That on February 15, 1929, said defendant charged the heirs at law of said T. M. Dover, deceased, with $59.20 on account of a loss sustained by said corporation on the note and account of one Ola Barnes, to whom it has sold merchandise without any of the said heirs at law of said T. M. Dover being in any way bound therefor; that on February 15, 1929, said defendant corporation, also without any right or authority, charged the heirs at law of said T. M. Dover, deceased, with $70 as commission on $700 rent money collected by the defendant for said heirs at law of said T. M. Dover, deceased, $600 of which was rents paid by said corporation on the buildings occupied by it and belonging to said heirs at law of said T. M. Dover, deceased; that both of said last-mentioned charges are arbitrary and unauthorized, and that the plaintiffs herein should have and recover of and from the defendant their portion of said sum of $4,290 collected by the defendant from the sale of said stock in the Berry Dry Goods Company and the dividend collected thereon as well as said sums of $59.20 and said item of $70, together with interest thereon at the rate of 6 per cent. per annum, to this date, amounting to $187.76, making a grand total of principal and interest amounting to $4,606.96.

"That the sum of $300, together with improvements made by the defendant on the store buildings occupied by it was a sufficient rental to be paid by it for said buildings for the year 1931, and that the plaintiffs are not entitled to recover anything on said item.

"That the plaintiff, Mrs. Daisy Morrow, sold all of her interest in the T. M. Dover Mercantile Company and Berry Dry Goods Company to Mrs. Dora Carper, save and except her 1/9 interest in said estate belonging to her mother; that the plaintiff Mrs. Oza Butler, likewise sold all of her interest in said T. M. Dover Mercantile Company and Berry Dry Goods Company, save and except her 1/9 interest in said 1/3 interest of her mother in said property to the plaintiff, J. A. Dover; that the plaintiff, J. A. Dover, still owns all the interest in said estate he has ever owned, together with said interest so purchased from the plaintiff, Mrs. Oza Butler, save and except his stock in T. M. Dover Mercantile Company, or 5/27 of all the amounts involved herein; that the plaintiff, Mrs. Flora Weaver, sold her interest in the real estate belonging to said estate of said T. M. Dover, deceased, and in the T. M. Dover Mercantile Company to M. J. Dover, but has never parted with her interest in the dividends sued for herein, but is not entitled to participate in the amounts allowed herein on said items of $59.20 and $70 because she has sold her interest in said real estate; and that the plaintiff, Mrs. Lima Dover, and Joseph Freeman Dover, still retain all interest in the amounts involved herein which were formerly owned by said F. D. Dover, now deceased:

"It is therefore by the court considered, ordered and decreed that the plaintiffs have of and recover from the defendant, T. M. Dover Mercantile Company, as follows: Mrs. Daisy Morrow the sum of $170.62, Mrs. Oza Butler the sum of $170.62, J. A. Dover the sum of $853.10, Mrs. Flora Weaver the sum of $496.91 and Mrs. Lima Dover and Joseph Freeman Dover the sum of $511.86, all of said sums to bear interest from this date until paid at the rate of 6 per cent. per annum; and that the plaintiffs recover of and from the defendant all the costs of this action, for which let execution issue.

"The plaintiffs and the defendant each duly object and except to each of said orders, rulings and findings of the court, in so far as they are against them, respectively, and pray and are granted an appeal to the Supreme

Court. And each side is hereby given 120 days within which to file a bill of exceptions.

The appellant, T. M. Dover Mercantile Company, first insists that the finding of fact by the chancellor is against the preponderance of the evidence; second, that the plaintiffs are barred by laches and limitation; and, third, that the plaintiffs, and especially A. J. Dover, are estopped from asserting any right to the amounts claimed.

On the question as to the ownership by the Dover Mercantile Company of the dry goods company stock, the principal question in the case, M. J. Dover testified that at all times the dry goods company stock was treated and used as a part of the assets of the Mercantile Company, and that this was with the full knowledge and assent of all the heirs—his mother in her lifetime and his brothers and sisters, including the plaintiffs. He perhaps might have so intended it, but all of the heirs testified that they did not so understand it and presumed that the Mercantile Company was handling the dry goods company stock for the benefit of the estate, just as it was renting the farms and managing the other property left by T. M. Dover which was not included in the corporation formed shortly after his death. It is manifest that M. J. Dover was the guiding spirit in the management of the affairs of the family after the death of the father. He was fully trusted by his mother and by his brothers and sisters, and they relied upon his business experience and ability. We are constrained to think that he, in fact, managed the corporation and the Dover estate with unusual ability, and we find no evidence of any actual fraud intended or practiced by him. Under his guidance the farms were made to produce annually an adequate revenue, and the assets of the corporation more than doubled in value under his administration, having in its treasury on January 1, 1928, more cash than the value of its entire assets in the beginning. But it is also apparent that he managed the entire business as if it were his own, without consulting his brothers and sisters, and who, if they had anything at all to do with the business, did just as he bade them.

It is practically undisputed that the dry goods company stock was not included in the assets of the corporation at the time of its formation, but remained a part of the Dover estate, just as the lands and other property, and the inference is warranted that, in the transfer of the stock to the Mercantile Company and its sale, M. J. Dover was acting purely on his own initiative and without any adequate knowledge on the part of his brothers and sisters of what he did or what his intentions were. Therefore it cannot be said that the finding of the chancellor is against the preponderance of the evidence on the question of the ownership of the Dry Goods Company stock, for the act of M. J. Dover in having the stock transferred in the name of the Dover Mercantile Company and the subsequent sale could not change the ownership without the knowledge and consent of the other heirs, and, if the stock was the property of the estate, then the $240 dividend item was correctly charged against the mercantile company.

M. J. Dover, as president of the mercantile company, attended to all the business of the heirs with respect to their farms. These services were no doubt valuable, but they appear to have been voluntary, and he served without compensation either expected by him or consented to by the heirs. The $70 item as commissions, considering the work he did for the heirs, is not at all unreasonable, the trouble is he had no authority to make this charge. Likewise, as to the item of $59.20, loss sustained on account of one of the tenants, as there was no agreement on their part shown to assume or pay this account, it, too, was an improper charge.

The doctrine of laches invoked by the appellant has no application in this case, for, as pointed out by the appellees, it was not pleaded, as a defense to the action in the trial court. We are also of the opinion that, under the facts which will be discussed on the question of limitation, there was no unreasonable delay or such delay as has prejudiced any of the rights of the appellant.

The contention that the statute of limitation applies and bars plaintiffs' action is the one which has given us

the most difficulty. After a careful deliberation, we conclude that, under the peculiar facts of this case, it has no application. The chancellor found that the mercantile company had at all times, since its organization, acted as the agent or trustee for the heirs at law of T. M. Dover in handling the stock of the dry goods company, collecting the dividends thereon and collecting rents on the property owned by the said heirs at law. This finding is fully warranted by the testimony, and not only are these the facts, but it is evident the mercantile company not only collected the rents, but managed the farms and other property of the Dover estate.

It is well settled that one receiving money as an agent for another, or which is to be applied to some particular purpose, is not necessarily a trustee of an express trust within the rule exempting such from the operation of the statute of limitation, but such a trust may arise where the agent assumes, or is given duties and responsibilities beyond those incident to the ordinary relationship of principal and agent, and therefore, while not technically a trustee of an express trust, may become substantially one.

"An action by a principal against his agent * * * is one of those to which the statute of limitation is applicable unless the agent is something more than a mere agent to conduct business for his principal and remit to him goods or moneys received on his account. * * * But the duties of an agent are often much wider than those above alluded to; he is often more than an agent, and is a trustee, or has duties similar to those of a trustee; and in such case an action against him is not barred by the statute of limitations." In Re Sharpe, [1892] 1 Ch. Div., p. 168; Commissioners v. Lash, 89 N. C. 159; Oliver v. Hammond, 85 Ga. 323, 11 S. E. 655; Shepherd v. Shepherd's Estate, 108 Mich. 82, 65 N. W. 580 Dovey v. Shaltz, 104 Neb. 108, 175 N. W. 888.

The corporation began to function in the early part of 1917. None of the girls had any knowledge at all of the conduct of the business. J. A. Dover was about 18 years old and worked as an ordinary clerk in the busi-

ness for several years until about 1922 when he was given charge of the books. The only knowledge he had of the conduct of the business was just what he might gain from the entries he made on the books. He was the one who entered the two items of stock dividends on the books of the company, one to the credit of Mrs. Dover and one to the credit of the mercantile company, and he had an opportunity of knowing of the entry made on the books of the company immediately after the sale of the dry goods company stock, but it is not clear that he realized the significance of these entries or that he knew what they imported. He testified that he did not know just how the dry goods company stock was to be handled. From 1917 down to the sale of the dry goods company stock in 1928, annual dividends were remitted to the Dover Mercantile Company, but only two items entered. What became of these dividends is uncertain. There is no contention made that M. J. Dover got them personally and the inference seems to be that they were given to Mrs. Dover, the mother, or used for her convenience. During all this time the Dover Mercantile Company, acting through M. J. Dover, was the continuous general agent and manager of the property of the Dover estate. It was therefore something more than a mere agent and sustained such relation to the heirs as to raise its position from that of a mere agent to one of trusteeship, and thus makes applicable the rule announced in the authorities cited *supra*.

We do not overlook the cases cited by the appellants, and especially the case of *U. S. F. & G. Co.* v. *Smith,* 103 Ark. 145, 147 S. W. 54, where it was held that the statute of limitations would run against a claim of the principal for money collected by its agent which said agent had failed to pay over. In that case, however, the agency was not a continuous general agency, nor was the agent clothed with the management of the property of its principal generally, as in the case at bar. In the instant case no cause of action arose in favor of the plaintiffs, the agency being a continuous one, until they became apprised of the fact that the trustee intended to convert

the moneys in its hands belonging to the plaintiffs, and this appears not to have been known until demand was made upon it to account for the funds thus held and converted, and the demand was refused.

The observations we have made dispose of the plea of estoppel. Under the circumstances of the case, as they understood the facts to be, the plaintiffs were not required to sooner assert their rights, for they were under no duty to speak until they became apprised of the intention of the mercantile company to convert their funds to its use. Also there is nothing to show that their failure to sooner assert their claims has led to any change for the worse in appellant's position. Therefore the plaintiffs were not estopped to maintain this action. *Geren* v. *Calderera*, 99 Ark. 260, 138 S. W. 335.

The court found that Mrs. Flora Weaver sold her interest in the estate of T. M. Dover, deceased, and in the Dover Mercantile Company, except her interest in the dividend item, to M. J. Dover. In entering the decree for the amount due Mrs. Weaver, this finding of fact was overlooked, and the judgment in her favor should have been for the sum of $165.66. In that respect the decree will be modified.

There was no evidence to show that the mercantile company received any benefits from the annual dividends paid by the dry goods company except one item of $240, and there was evidence that the reduction of rent on the store building was compensated by improvements made by the mercantile company. From other circumstances it does not appear equitable to allow interest as claimed by appellees.

The decree will be modified as to the amount adjudged to Mrs. Weaver, and in all else is affirmed.

JOHNSON, C. J., disqualified and not participating.