ARNOLD v. STEPHENS.

Opinion delivered March 7, 1927.

HOMESTEAD—TRUSTEE OF EXPRESS TRUST.—A tax collector is not a trustee of an express trust within Const., art. 9, § 3, so as to subject his homestead to the lien of a judgment in favor of his sureties who were compelled to pay money which he had collected and failed to pay over to the State.

Appeal from Miller Chancery Court; C. E. Johnson, Chancellor; reversed.

David C. Arnold, for appellant.

Shaver, Shaver & Williams, for appellee.

MEHAFFY, J. This suit was begun in the Miller Chancery Court by the sureties on the bond of Fincher Eason, tax collector, who alleged that they were compelled to pay and did pay to the State of Arkansas the sum of $43,442.50, which said Eason had collected in taxes and failed and neglected to pay over to the State of Arkansas. It was alleged that the estate of Fincher Eason is insolvent, and that there are no lands belonging to his estate other than lot 2, block 10, in Texarkana, which, at the time of his death, was occupied by him as a homestead.

Plaintiffs had presented their claim against the estate to the administrator, who disallowed it, and then presented it to the probate court, where it was disallowed, and an appeal taken to the circuit court of Miller County; that, in the Miller Circuit Court, the sureties were given judgment for the above named sum. They alleged that the money converted by Eason was money in his hands as tax collector, and converted by him, and that they

were funds belonging to the State of Arkansas, and that, under the law, the State had a right to have its claim thereto declared a lien and charge against said homestead. The sureties asked to be subrogated to all the rights and equities of the State of Arkansas in, to, and against said homestead, and that said homestead be condemned and ordered sold and the proceeds applied to the payment in satisfaction of their claim.

David C. Arnold, guardian, the appellant here, representing the minor heirs, denies the allegations of the complaint, and denies that the State has a right against the homestead of the minors, and denies the plaintiffs are entitled to subrogation.

The chancellor held that the plaintiffs were entitled to be subrogated, and ordered that they be subrogated to all the rights, equities and privileges had and held by the State of Arkansas in and to the homestead, describing it, and ordered that the homestead be condemned and ordered sold in satisfaction of the claim. From said decree David C. Arnold, guardian *ad litem,* has appealed to this court, and, as stated by attorneys for appellees: "The sole contention of counsel for appellants is that a tax collector, in collecting and disbursing the public revenues, and while so discharging the duties imposed upon him by law, was not a trustee of an express trust within the meaning of § 3, article 9, of the Constitution. The record in this case squarely presents the question for the court's decision."

Therefore the only question is whether the tax collector was a trustee of an express trust, under article 9, § 3, of the Constitution of Arkansas. The section reads as follows:

"A homestead of any resident of this State, who is married or head of a family, shall not be subject to the lien of any judgment, or decree of any court, or to sale under execution or other process thereon, except such as may be rendered for the purchase money or for specific liens, laborer's or mechanic's liens for improving .

the same, or for taxes, or against executors, administrators, guardians, receivers, attorneys for moneys collected by them and other trustees of an express trust for moneys due from them in their fiduciary capacity.''

It will be observed that the homestead is not subject to sale in this case unless the tax collector is a trustee of an express trust.

''Trusts are divided in reference to their creation into express trusts, implied trusts, resulting trusts, and constructive trusts. Express trusts are also called direct trusts. They are generally created by instruments that point out directly and expressly the property, persons, and purposes of the trust; hence they are called direct or express trusts in contradistinction from those trusts that are implied, presumed, or construed by law to arise out of the transaction of the parties. They may be discretionary or imperative, absolute or on condition. As express trusts are directly declared by the parties, there can never be a controversy whether they exist or not.'' Perry on Trusts, vol. 1, § 24.

As was said by the Supreme Court of Oklahoma: ''Express trusts are not defined by our statutes; that is, the statutes fail to prescribe or define just what acts are necessary on the part of the *cestui que trust* in order to create an express trust, but presumably look to and adopt the meaning given to the term by the commentators and courts of equity.'' We not only have no definition of express trust in our statutes, but nothing that would give us any idea, or, at any rate, no definition of what is meant by the use of the term ''express trust'' in the above provision of the Constitution. We must therefore look elsewhere to ascertain what is meant by the term in our Constitution.

''In order to constitute an express trust therefore, there must be some act on the part of the *cestui que trust* expressive of an intent to create a trust and to make a designated party trustee thereunder.'' *McCoy* v. *McCoy,* 121 Pac. 176.

"Express trusts are those which are created by the direct and positive acts of the parties by some writing, or deed, or will. Not that, in those cases, the language of the instrument need point out the nature, character, and limitations of the trust in direct terms, *ipsissimis verbis;* for it is sufficient that the intention to create it can be fairly collected upon the face of the instrument from the terms used, and the trust can be drawn, as it were, *ex visceribus verborum.* Implied trusts are those which are deducible, from the nature of the transaction, as a matter of clear intention, although not found in the words of the parties; or which are superinduced upon the transaction by operation of law, as matter of equity, independent of the particular intention of the parties." *Jones* v. *Byrne,* 149 Fed. 457.

In construing the Constitution, this court has said:

"The cases enumerated in each are cases of special trusts. The persons expressly designated as not coming within the homestead exemption of the Constitution of 1874 are persons who hold moneys exclusively for the benefit of others, and the relations between whom and those for whom they hold money are purely of confidence and trust; and the 'other trustees of express trust' mentioned must mean the same class of trustees. The debts excepted are those contracted by them for such moneys." *Sanders* v. *Sanders,* 56 Ark. 555, 20 S. W. 517.

This court has again said: "Express trusts are those created by the direct and positive acts of the parties, manifested by some instrument in writing, whether by deed, will, or otherwise. Implied trusts are those which are deducible from the transaction as a matter of clear intention, but not found in the words of the parties, or which are superinduced upon the transaction by operation of law as matter of equity, independent of the particular intention of the parties." *U. S. Fid. & G. Co.* v. *Smith,* 103 Ark. 145, 147 S. W. 54.

In the case last cited the agent of a railway company, in the performance of his duties, had collected certain

sums of money, and failed to account for same, and this amount was paid by appellant as surety on his fidelity bond, just as the sureties in the case at bar paid in this case, and, in the language of the court in the decision of that case we can say, "he certainly does not come within the exception of the Constitution as one of the persons mentioned therein, and we do not think that his being such agent and collecting the moneys in the performance of his duties constituted him a trustee of an express trust, so far as such money was concerned, nor that it was due from him to the railroad company in a fiduciary capacity, within the meaning of the Constitution, which would render his homestead subject to the payment of a judgment therefor. Such provision has reference only to the discharge of the duty of an express technical trust or such as is specifically mentioned in said article, and was not intended to, and does not, cover the relation of an ordinary clerk, employee, agent or servant, who has confidence reposed in him for the collection of money, and constitute him a trustee of an express trust of such moneys when collected.

"Neither could the giving of a bond for the faithful performance of the duties and payment of moneys collected in such service change the relation to one of a technical trustee of an express trust." *U. S. Fid. & G. Co.* v. *Smith,* 103 Ark. 145, 147 S. W. 54.

It would seem that the above case settles the law in Arkansas as to what constitutes one a trustee of an express trust, and rules this case. Again, it has been said by this court, after quoting with approval the former decisions as to what constitutes an express trust: "The existence of liability must spring from some breach of trust, the defalcation or indebtedness must occur and exist while the trustee is acting in a fiduciary character, and must be no mere debt, but a contract which results from the rightful possession of money that belongs to another, and which is being used for his benefit." *Carr* v. *Harrington,* 107 Ark. 535, 155 S. W. 1166.

Appellees call attention to Arkansas cases deciding that a tax collector is a county officer, and that officers were trustees, but it is unnecessary to discuss these cases further than to say that none of the cases cited by appellees hold that a county officer is a trustee of an express trust, and we think that the question of what it takes to constitute an express trust under our law is thoroughly settled by the cases to which we have called attention. The provision of the Constitution with reference to homestead exemption was adopted not only for the benefit of the owner himself, but for the benefit of his wife or widow and minor children, and the section of the Constitution referred to expressly states that it shall not be subject to sale except for the debts therein mentioned, and, among others, mentions trustees of an express trust. It does not mention county officers and it does not undertake to define what is meant by trustee of an express trust, and we therefore think that, when it used the expression, it used it in the sense and with the meaning mentioned in the authorities to which we have referred.

Since we hold that the tax collector was not a trustee of an express trust, it follows that the case must be reversed and dismissed. It is so ordered.