MOISE, Justice.
The Lafayette Building Association caused the seizure and sale of defendant’s homestead property to satisfy its vendor’s lien and privilege on which defendant had defaulted in his payments. At the time of this seizure and sale, numerous recorded judgments, mortgages, liens, etc., existed against defendant, including certain judgments obtained by the State of Louisiana against said defendant (doing business as Spofford Gas Company), for Public Welfare taxes and chain store taxes, amounting to approximately $1200. After paying all expenses in connection with said sale, there was a balance of $5,212.09, which amount was deposited in the registry of the court. Concursus proceedings were then provoked by the purchasers of the property, wherein they prayed for the cancellation of the vendor’s lien against the property, and that the sum of $5212.09 deposited in the registry of the court be distributed in accordance with law, etc. It was alleged in these proceedings that defendant had filed a homestead claim against this property in November 1950, and that sometime subsequent to September 1950 and prior to December 1950, defendant had filed bankruptcy proceedings. The Collector of Revenue for the State of Louisiana, filed an answer in which he prayed that of the $5212.09 deposited in the registry of the court, the sum of approximately $1200 be paid to him, to satisfy the claims of the State, in preference and priority over all other creditors. The defendant and his wife also filed an answer praying that the property involved be decreed their homestead and that they be awarded the $4000 homestead exemption provided by the Constitution from the amount deposited. After trial upon the merits, the district judge rendered judgment ordering the cancellation of the vendors’ lien on the property, recognizing the homestead claim of defendants, and directing the distribution of the remainder of *554 •the funds held in the registry of the court, in accordance with the order of recorda■tion of their claims. The State has appealed.
The basis of the State’s contention is that the homestead exemption cannot be invoked against the operation, not only of real estate taxes, but also of any other taxes due to the State of Louisiana. Defendant, on the contrary, argues that the ■ exception to the application of the home- . stead exemption is restricted to real estate taxes only which may be due on the property itself.
Article XI, Section 1 of the Constitution of 1921, as amended establishes a general rule of grant for a homestead exemption, "the pertinent part thereof reading:
“There shall be exempt from seizure and sale by any process whatever, except as herein provided, the homestead * * * of every head of a family, or person having a mother or father or a person or persons dependent on him or her for support; * *
Section 2 of the same Article of the Constitution, as amended, sets out the exceptions not applicable to the exemption, to-wit:
1. The purchase price of the property -or the unpaid balance thereof;
2. The cost of repairing or improving "homesteads, for labor, money and materials furnished;
3. The liabilities incurred by any public officer, or fiduciary, etc.,
4. For taxes or assessments,
5. For rent which bears a privilege on the property,
6. The amount due a building and loan association for a loan made on the property ; and
7. The amount due for money advanced on the security of a mortgage covering the property.
The question for consideration is the meaning of the exception “For taxes or assessments” set out under No. 4.
First, it is to be noted that it is the public policy of the State to allow the homestead exemption. Hebert v. Mayer, 48 La.Ann. 938, 20 So. 170. That the exemption “is granted not so much in favor of the head of a family as in favor of the dependent members of the family”. Lee v. Cooper, 155 La. 143, 98 So. 869, 870. And, in State ex rel. Code v. Code, 215 La. 485, 41 So.2d 62, at page 65, we held:
“The exemption of homestead rests upon the obligation to support the person to whom support is due and that is a higher obligation on the part of the debtor than the payment of his debts. The object is to secure a home beyond the reach of financial misfortune, around which gathers the affection of the family, the greatest incentive to virtue, to honor, and to industry.”
*556 In the light of the foregoing, it necessarily follows that in order for the homestead exemption to be set aside and not apply to a certain debt, the provision of the Constitution which' disallows the exemption insofar as certain debts are concerned must be strictly construed and it must be clearly shown that the debt comes within the meaning of the aforesaid provision. It is clear that the word “taxes” as used in the constitutional provision refers to property taxes and was intended to relate directly to the homestead property and did not embrace excise taxes. As evidenced by the judgments obtained by the State of Louisiana, its claims are for Public Welfare Revenue Taxes and for Chain Store Taxes assessed against a former bankrupt business operated by defendant do not relate to taxes pertaining to nor levied on, nor assessment levied against the homestead in question. We reiterate that the word “taxes” as set out in the constitutional exception embrace no other type of taxes than that assessed directly against the homestead property.
Having reached the above conclusion, we are of the opinion that the disallowance of the State’s claim by the'trial judge was proper. Accordingly, the Homestead allowance of $4,000 will be paid to defendant and his wife out of the proceeds held in the registry of the court, by preference and priority over all other creditors; and that the remainder thereof be distributed in compliance with the judgment of the trial court.
For the reasons assigned, the judgment appealed from is affirmed.