WHITE *v.* THORNBROUGH, COMM'R OF LABOR.

5-1572                                313 S. W. 2d 384

Opinion delivered May 26, 1958.

*Sam Goodkin,* for appellant.

*Luke Arnett,* for appellee.

MINOR W. MILLWEE, Associate Justice. The principal question for decision is whether homestead property is exempt from a judgment for unemployment contributions, interest and penalty assessed pursuant to the provisions of the Arkansas Employment Security Act (Ark. Stats. Secs. 81-1101—81-1108, 81-1111—81-1122).

Appellants, W. B. Rainwater and wife, have owned and occupied their rural homestead in Sebastian County since 1949. In 1951 and 1957 the appellee, Commissioner of Labor, obtained assessments of contributions, penalty and interest against Mr. Rainwater as a delinquent employer under Ark. Stats., Section 81-1117 which provides that said assessments "shall have the force and effect of a judgment of the circuit court." These judgments appear of record in Sebastian County.

The Rainwaters, while still residing on their homestead, conveyed three different parcels thereof to three

other appellants and desire to convey another parcel to another appellant if they can do so free of said judgments. They and the other appellants brought this suit to remove any cloud on their titles by reason of said judgments, to quiet title in the grantees to the parts already conveyed; and for a declaration that said judgments are not liens either on the tracts conveyed or the remainder of the homestead still owned and occupied by the Rainwaters.

Appellee demurred to the complaint on the grounds that it did not state facts sufficient to constitute a cause of action either for a declaratory judgment or for the relief sought. This appeal is from a decree dismissing appellants' complaint after they declined to plead further when the court sustained the demurrer filed by appellee. The court found that appellants had an adequate remedy at law and could not invoke the Declaratory Judgment Act. The court further found: ''That the contributions levied under and pursuant to the provisions of the Arkansas Employment Security Act are taxes for which the State of Arkansas has a lien upon all of the property owned by the plaintiff W. B. Rainwater, and under § 3 of Article 9 of the Constitution of Arkansas the homestead of plaintiff W. B. Rainwater is not exempt from the judgment and lien for said taxes.''

We find it unnecessary to determine the applicability of the Declaratory Judgment Act (Ark. Stats., Secs. 34-2501, *et seq*.). Aside from that act, the chancery court had jurisdiction of the instant suit under its traditional equitable jurisdiction to remove clouds on title to real estate. Equity jurisdiction to quiet and remove clouds from title to real estate was recognized long before such proceedings were authorized by statute (Ark. Stats. Secs. 34-1001, *et seq*.). See *Patterson* v. *McKay*, 199 Ark. 140, 134 S. W. 2d 543, and cases there cited. If the homestead is exempt from the judgments and liens for the unemployment contributions involved here, then such judgments clearly constitute clouds on the title of appellants, and jurisdiction to remove such clouds is purely of equitable cognizance. *Sanders* v. *Flenniken*, 180

Ark. 303, 21 S. W. 2d 847. The fact that appellants might defend against an attempt by appellee to execute on said judgments in the circuit court does not preclude them from proceeding to remove the clouds from their respective titles. Moreover, the Employment Security Act (Ark. Stats., Sec. 81-1117(e)) expressly authorizes a review of the assessment for contributions in the chancery court.

We proceed to the main issue as to whether the homestead is exempt from the judgment and lien for unemployment contributions under Art. 9 Sec. 3 of the Constitution of Arkansas, which reads: ''The homestead of any resident of this State who is married or the head of a family shall not be subject to the lien of any judgment, or decree of any court, or to sale under execution or other process thereon, except such as may be rendered for the purchase money or for specific liens, laborers' or mechanics' liens for improving the same, or for *taxes*,[1] or against executors, administrators, guardians, receivers, attorneys for moneys collected by them and other trustees of an express trust for moneys due from them in their fiduciary capacity.''

If the contributions in question are ''taxes'' within the meaning of this constitutional provision, then they come within the exception exempting said homestead. We are cited to only one decision bearing on this question. In *Lafayette Building Ass'n* v. *Spofford,* 221 La. 549, 59 So. 2d 880, the state obtained judgment against the homestead owner for public welfare taxes and chain store taxes authorized by statute and sought to subject the homestead to the payment of said judgment. The court held that the word ''taxes'' used in a constitutional provision very similar to Art. 9, Sec. 3, *supra,* referred to property taxes relating directly to the homestead and did not include such excise taxes as were there involved. After pointing out the issue involved and the general object of the exemption proviso, the court said: ''In the light of the foregoing, it necessarily follows that in order for the homestead exemption

---

[1] Italics supplied.

to be set aside and not apply to a certain debt, the provision of the Constitution which disallows the exemption insofar as certain debts are concerned must be strictly construed and it must be clearly shown that the debt comes within the meaning of the aforesaid provision. It is clear that the word 'taxes' as used in the constitutional provision refers to *property taxes* and was intended to relate directly to the homestead property and did not embrace *excise taxes*. As evidenced by the judgments obtained by the State of Louisiana, its claims are for Public Welfare Revenue Taxes and for Chain Store Taxes assessed against a former bankrupt business operated by defendant do not relate to taxes pertaining to nor levied on, nor assessment levied against the homestead in question. We reiterate that the word 'taxes' as set out in the constitutional exception embrace no other type of taxes than that assessed directly against the homestead property.''

The reasoning used and result reached by the Louisiana court appear to be in harmony with our own decisions. This court has traditionally declined to recognize inroads upon the homestead exemption except such as are clearly in accord with the constitutional mandate. We have repeatedly said that the protection of the family from dependence and want is the object of all homestead laws. In *Hollis* v. *State,* 59 Ark. 211, 27 S. W. 73, the court held the homestead exempt from the lien of the State for costs in a criminal prosecution, saying: ''The lien of the State for costs in a criminal prosecution is not a specific lien, nor does it come within the meaning of either of the other exceptions named. Homestead laws are intended for the protection of the families of those who are poor or unfortunate, and, in cases of this kind, there are no reasons why the State should be exempt from their operation.'' This holding is in line with the general rule that it is only in case the homestead statute expressly subjects the homestead to debts due the state or the United States that an exemption therefrom is denied. 40 C. J. S., Homesteads, Sec. 108. Also in *Arnold* v. *Stephens,* 173 Ark. 205, 296 S. W. 24, we held a tax collector's homestead exempt from

the lien of a judgment in favor of his sureties who were compelled to pay money which he had collected and failed to pay to the State.

Employment Security Acts were unknown at the time of the adoption of our constitution. Our act is primarily a public welfare measure, and not a taxing statute. It was not enacted under the general taxing powers requiring uniformity of assessments according to value, but under the general police power as provided in Ark. Stats., Sec. 81-1101. The contributions here involved do not constitute a property tax nor one that is assessed directly against the homestead property such as the "purchase money," "laborers" and other specific liens mentioned in the constitutional provision immediately preceding the word "taxes." Obviously a homestead is not subject to the lien of a judgment for the "purchase money" of a car or a "specific lien" on some other chattel. In our opinion a proper construction of the constitutional provision warrants the conclusion that the word "taxes," as used therein, refers to taxes against the homestead and not to contributions assessed against an employer under the Employment Security Act. The decree is accordingly reversed and the cause remanded with directions to overrule the demurrer and for further proceedings consistent with this opinion.