Marjorie JONES et al., Appellants,

v.

James HALLAHAN, Clerk of the Jefferson County Court, Appellee.

Court of Appeals of Kentucky.

Nov. 9, 1973.

David Kaplan, Stuart L. Lyon, Louisville, for appellants.

J. Bruce Miller, Louisville, for appellee.

VANCE, Commissioner.

The appellants, each of whom is a female person, seek review of a judgment of the Jefferson Circuit Court which held that they were not entitled to have issued to them a license to marry each other.

Appellants contend that the failure of the clerk to issue the license deprived them of three basic constitutional rights, namely, the right to marry; the right of association; and the right to free exercise of religion. They also contend that the refusal subjects them to cruel and unusual punishment.

The sections of Kentucky statutes relating to marriage do not include a definition of that term. It must therefore be defined according to common usage.

Webster's New International Dictionary, Second Edition, defines marriage as follows:

"A state of being married, or being united to a person or persons of the opposite sex as husband or wife; also, the mutual relation of husband and wife; wedlock; abstractly, the institution whereby men and women are joined in a special kind of social and legal dependence, for the purpose of founding and maintaining a family."

The Century Dictionary and Encyclopedia defines marriage as:

"The legal union of a man with a woman for life; the state or condition of being married; the legal relation of spouses to each other; wedlock; the

formal declaration or contract by which a man and a woman join in wedlock."

Black's Law Dictionary, Fourth Edition, defines marriage as:

"The civil status, condition or relation of one man and one woman united in law for life, for the discharge to each other and the community of the duties legally incumbent upon those whose association is founded on the distinction of sex."

Kentucky statutes do not specifically prohibit marriage between persons of the same sex [1] nor do they authorize the issuance of a marriage license to such persons.

Marriage was a custom long before the state commenced to issue licenses for that purpose. For a time the records of marriage were kept by the church. Some states even now recognize a common-law marriage which has neither the benefit of license nor clergy. In all cases, however, marriage has always been considered as the union of a man and a woman and we have been presented with no authority to the contrary.

It appears to us that appellants are prevented from marrying, not by the statutes of Kentucky or the refusal of the County Court Clerk of Jefferson County to issue them a license, but rather by their own incapability of entering into a marriage as that term is defined.

A license to enter into a status or a relationship which the parties are incapable of achieving is a nullity. If the appellants had concealed from the clerk the fact that they were of the same sex and he had issued a license to them and a ceremony had been performed, the resulting relationship would not constitute a marriage.

This is a case of first impression in Kentucky. To our knowledge, only two other states have considered the question and both of them have reached the same result that we reach in this opinion. Bak-

1. KRS 402.020(5) and KRS 402.210 do contain references to the male and female of the species.

er v. Nelson, 291 Minn. 310, 191 N.W.2d 185 (1971), appeal dismissed for want of a substantial federal question, 409 U.S. 810, 93 S.Ct. 37, 34 L.Ed.2d 65; Anonymous v. Anonymous, 67 Misc.2d 982, 325 N.Y.S.2d 499.

Baker v. Nelson considered many of the constitutional issues raised by the appellants here and decided them adversely to appellants. In our view, however, no constitutional issue is involved. We find no constitutional sanction or protection of the right of marriage between persons of the same sex.

The claim of religious freedom cannot be extended to make the professed doctrines superior to the law of the land and in effect to permit every citizen to become a law unto himself. Reynolds v. United States, 98 U.S. 145. We do not consider the refusal to issue the license a punishment.

In substance, the relationship proposed by the appellants does not authorize the issuance of a marriage license because what they propose is not a marriage.

The judgment is affirmed.

All concur.