The Honorable Ruben Valdez Speaker, House of Representatives State Capitol Denver, Colorado 80203
Dear Mr. Speaker:
QUESTIONS PRESENTED AND CONCLUSIONS
The following constitutes my informal opinion in response to your inquiry of April 18, 1975 regarding:
1. Can a county clerk issue a license to marry to two men or to two women?
 Because the issuance of a license under such circumstances is useless and an official act of no validity and may mislead the recipients of the license and the general public, a county clerk should not issue a marriage license to two men or to two women.
2. Is a marriage between two men or two women valid in Colorado?
My conclusion is "no."
ANALYSIS
C.R.S. 14-2-104 (1973) provides, "A marriage between a man and a women licensed, solemnized, and registered as provided in this part 1 is valid in this state." A prerequisite to a valid marriage is that it be between a man and a woman.
The licensing requirements, however, are directed to "parties." C.R.S.14-2-106(1)(a) (1973) provides:
 When a marriage application has been completed and signed by both parties to a prospective marriage and at least one party has appeared before the county clerk and has paid the marriage license fee of seven dollars, the county clerk shall issue a license to marry and a marriage certificate form upon being furnished . . . satisfactory proof that the marriage is not prohibited, as provided in section 14-2-110. . . .
Prohibited marriages include bigamous marriages and incestual marriages.
The statute seems to require a county clerk to issue a marriage license if the requirements of C.R.S. 1973, 14-2-106 are met. But the issuance of the license does not mean that the marriage is valid, and a county clerk should not be required to do what may be a meaningless act. When a statute has two possible constructions, one which will harmonize the entire act and one which will create discord between provisions, a court should adopt the former.People v. Rapini, 107 Colo. 363, 112 P.2d 551 (1941). The Colorado Supreme Court has ruled that where the word "shall" is used in a statute, it is presumed to be mandatory, but the presumption may be overcome if it is necessary to construe the word as "may" to give effect to legislative intent.Board of County Commissioners of Saguache Countyv. Edwards, 171 Colo. 499, 468 P.2d 857 (1970); Meyer v. Putman,526 P.2d 139 (1974).
Courts in other states have said that a marriage ceremony or a marriage license to enter into a relationship which the parties are incapable of achieving is a nullity.Jones v. Hallahan, 501 S.W.2d 588 (1973);Anonymous v. Anonymous, 67 Misc.2d 982, 325 N.Y. S.2d 499 (1971). The Kentucky court commented, "If the appellants had concealed from the clerk the fact that they were of the same sex and he had issued a license to them and a ceremony had been performed, the resulting relationship would not constitute a marriage." Jones v. Hallahan, supra at 589.
SUMMARY
If a county clerk does issue a license to marry to two men or to two women, the resulting marriage is not valid because of the statutory requirement that the marriage be between a man and a woman. It is my opinion that under Colorado statutes and case law a license to marry issued by a county clerk to two men or to two women is void, and a marriage between two men or two women has no legal status in this state. Because the issuance of a license under such circumstances is useless and an official act of no validity and may mislead the recipients of the license and the general public, a county clerk should not issue a marriage license to two men or to two women.

 Very truly yours,
 J.D. MacFARLANE
 Attorney General
 SINCE ITS ISSUANCE THIS
 OPINION LETTER WAS ADOPTED
 AS A FORMAL OPINION OF THE
 ATTORNEY GENERAL BY ATTORNEY
 GENERAL J.D. MacFARLANE

MARRIAGE AND DIVORCE
C.R.S. 1973, 14-2-104 C.R.S. 1973, 14-2-106
LEGISLATIVE BRANCH House of Representatives
A marriage between two men or two women is not valid in Colorado. A marriage license issued to two men or to two women is void.