LOTTINGER, Judge.
The issue raised by this appeal is whether the exemption from seizure and sale found in La.R.S. 20:1C(4), excepting “taxes and assessments,” refers only to ad valorem or property taxes assessed against the homestead itself, or includes all taxes or assessments owed by the property owner to the Department of Employment Security and Department of Revenue and Taxation.
This appeal arises from a sheriff’s sale of the residence of Lender J. Hollier in East Baton Rouge Parish. Following the sheriff’s sale and distribution of proceeds to the seizing creditor and superior mortgagees, a surplus remained of $2,896.36. Hollier moved for a rule nisi ordering the inferior creditors to show cause why this surplus should not be awarded to him as homestead proceeds exempt from seizure under Article XII, Sec. 9 of the Louisiana Constitution of 1974 and La.R.S. 20:1. The Louisiana Department of Revenue and Taxation, holder of a tax assessment and lien against Hollier, presented opposition, arguing that its claim constituted a statutory exception to homestead exemption under La.R.S. 20:1C(4). The trial court, after hearing evidence and argument, rendered judgment on the rule, *413 ordering the sheriff to pay the tax lien of the Louisiana Department of Employment Security (a lien and assessment superior to that of the Department of Revenue and Taxation), and if any proceeds remained thereafter, to pay the lien of the Department of Revenue and Taxation. The court further ordered that any remaining proceeds then be paid to Hollier. Hollier sus-pensively appealed the trial court judgment, but since no appeal bond was filed timely, the appeal is in fact only devolutive.
Plaintiff-in-rule-appellant argues on appeal that the trial court erred in failing to hold that his homestead exemption primed all taxes except property or ad valorem taxes on the property at issue.
La.R.S. 20:1 grants an exemption from seizure and sale for one’s bona fide homestead, which extends to $15,000.00 in value of the homestead. The statute further provides:
“C. This exemption shall not apply to the following debts:
(1) For the purchase price of property or any part of such purchase price;
(2) For labor, money, and material furnished for building, repairing, or improving homesteads;
(3) For liabilities incurred by any public officer, or fiduciary, or any attorney at law, for money collected or received on deposits;
(4) For taxes or assessments;
(5) For rent which bears a privilege upon said property;
(6) For the amount which may be due a homestead or building and loan association for a loan made by it on the security of the property; provided, that if at the time of making such loan the borrower be married, and not separated from bed and board from the other spouse, the latter shall have consented thereto; or
(7) For the amount which may be due for money advanced on the security of a mortgage on said property; provided, that if at the time of granting such mortgage the mortgagor be married, and not separated from bed and board from the other spouse, the latter shall have consented thereto.” (emphasis supplied)
This question was answered once in Lafayette Bldg. Ass’n v. Spofford, 221 La. 549, 59 So.2d 880 (1952), where the Supreme Court held that the word “taxes” in the (then) constitutional provision excepting “taxes” from the homestead exemption referred only to property taxes relating directly to the homestead property and did not embrace excise taxes or other types of taxes.
The Department of Revenue and Taxation urges us to disregard Spofford, citing jurisprudence to the effect that one isolated case does not create jurisprudence con-stante under the civil law tradition, and contending that Spofford was incorrectly decided. The Department points out that the word “property” does not appear in La.R.S. 20:1C(4), yet appears in almost all the other exceptions. Thus, it is argued, the legislature intended to create two classes of exceptions; one consisting of debts arising from the property itself, and the other being public debts which the legislature chose not to exempt from seizure and sale for reasons of public policy. The Department contends "sub-sections C(3) and (4) fall into the latter category, and urges that “property” was deliberately not included in subsection C(4) because the legislature intended that all taxes and assessments be excluded from the homestead exemption, not merely property taxes.
This argument overlooks the fact that the list of exceptions to the homestead exemption was formerly not statutory but was Article XI, Section 2 of the Louisiana Constitution of 1921. Such was the case when Spofford, supra, was handed down in 1952. Subsequently, in adopting the 1974 Constitution, the delegates discussed keeping this language intact in the new constitution, but decided finally to shorten the provision.[1] Art. XII, Sec. 9 of the 1974 Constitution now reads:
*414 “The legislature shall provide by law for exemptions from seizure and sale, as well as waivers of and exclusions from such exemptions. The exemption shall extend to at least fifteen thousand dollars in value of a homestead, as provided by law.”
The legislature acted upon this constitutional mandate in 1977 by amending La.R.S. 20:1, which previously had set out formal requisites for a declaration of homestead, to promulgate exceptions virtually identical to those found in Art. XI, Secs. 1 and 2 of the 1921 Constitution.[2] Inasmuch as Spofford had long been a part of the jurisprudence at this time, the legislature’s 1977 amendments to La.R.S. 20.T indicate that the legislature did not intend to legislatively overrule Spofford. Certainly, had the legislature been of the opinion that Spofford was wrongly decided, La.R.S. 20.T would have been amended so as to correct the erroneous interpretation of the “taxes” exception rather than establishing an exception identical to that interpreted in Spofford. Therefore, we conclude that the proper interpretation of the “taxes and assessment” exception to the homestead exemption in La.R.S. 20:1C(4) is found in Spofford, supra.
The tax liens against Hollier are not for taxes or assessments against the homestead property; thus, following Spofford, they do not prime Hollier’s homestead exemption. We, therefore, hold that Hollier is entitled to the entirety of the surplus proceeds of the sheriff’s sale.
DECREE
Therefore, for the above and foregoing reasons, the judgment of the trial court on the rule nisi is hereby reversed. There is now judgment in favor of Lender J. Hollier, plaintiff-in-rule-appellant, and the sheriff of East Baton Rouge Parish is hereby ordered to pay to Lender J. Hollier the surplus funds resulting from the sheriff’s sale conducted in Number 236,633 of the Nineteenth Judicial District Court, in the amount of $2,896.36. In the event that the sheriff of East Baton Rouge has disbursed these surplus funds to the Department of Employment Security and/or the Department of Revenue and Taxation prior to the issuance of this opinion, the state departments) having received such surplus funds are hereby ordered to return same to appellant, Lender J. Hollier, in the amount of $2,896.36. Costs ,of this appeal in the amount of $710.25 are assessed to appellee, The Louisiana Department of Revenue and Taxation.
REVERSED AND RENDERED.

. See, Records of the Louisiana Constitutional Convention of 1973, Vol. IX, pp. 3261-64 and 3275-79.

. Acts 1977, No. 446, § 1.