Steele HOLT *v.* CITY OF MAUMELLE, et al.

89-254                                    786 S.W.2d 581

Supreme Court of Arkansas
Opinion delivered April 2, 1990

*John Wesley Hall, Jr., P.C.*, by: *Sam T. Heuer*, for appellants.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.*, by: *Greg Stephens*, for appellees.

OTIS H. TURNER, Justice. This appeal is brought by the plaintiff class from a decision of the Pulaski County Chancery Court granting the appellees' motion to dismiss and upholding an initiated ordinance approved by a majority of the voters of the City of Maumelle. The ordinance provides for a "service charge for police and fire protection and street lighting."

The ordinance provides for a monthly charge of fourteen dollars for "houses and other similar dwelling structures"; twelve dollars per month for "condominiums and apartments"; and variable charges for commercial establishments and industries based upon a stated formula. (There is no representative member of the class or representative of commercial establishments and industries; the ordinance sections applicable to the businesses and industries are not at issue here.)

The parties stipulate that the charges levied by Maumelle under the provisions of the ordinance are "taxes" and not "fees"; that if the tax is a property tax, the millage rate is at a maximum of five mills; and that the tax was approved by the voters of Maumelle.

For reversal, the appellants argue first that the tax levied by the ordinance is an illegal exaction because the tax is not authorized by any delegated power of taxation. They also contend that the method of taxation is flawed and violates the statutory mandate as it has no relation to the value of the property being taxed or the benefits the property owner will derive from the purpose of the tax. The second point argued for reversal is that the tax violates the Fourteenth Amendment's equal protection clause. We disagree on both points and affirm the decision of the trial court.

The key issue in this case is whether the taxes levied by the city are "property taxes" within the meaning of Article 12,

Section 4, of the Arkansas Constitution and therefore subject to the limitations of that provision, or on the other hand, whether the tax is a tax "not otherwise prohibited by law" within the meaning of Act 942 of 1977, Section 3, Ark. Code Ann. § 26-73-103(a) (1987).

Article 12, Section 4 of the Arkansas Constitution provides:

> No municipal corporation shall be authorized to . . . levy any tax on real or personal property to a greater extent, in one year, than five mills on the dollar of the assessed value of the same.

If the tax is a real or personal property tax within the meaning of Article 12, Section 4, then Article 16, Section 5, provides that all real and personal property subject to taxation shall be taxed according to its value, that value to be ascertained in such manner as the General Assembly shall direct, making the same equal and uniform.

In 1883, the legislature enacted a measure designated as Act 114. The sections of that Act applicable to the issues here are codified at Ark. Code Ann. §§ 26-25-102 and 103 (1987).

Section 102 provides that the amount of taxes which may be levied for *general purposes* in any one year by any city may equal but not exceed the five mills as provided in the Arkansas Constitution, Article 12, Section 4. Arkansas Code Annotated § 103 then provides that all levies of taxes in cities shall be upon the appraisement of the county assessor, as equalized, and placed upon the tax book by the county clerk, and collected in the same manner and by the same person who collects county taxes. It is clear that Act 114 tracks Article 12 of the Arkansas Constitution.

The basic rule of statutory construction, to which all other interpretative guides are really subordinate, is to give effect to the intent of the legislature. *Hice* v. *State*, 268 Ark. 57, 593 S.W.2d 169 (1980). The legislative intent is derived not only from the context of the statutory language but also from the entire act from which the statute originated. *Hot Springs School Dist. No. 6* v. *Wells*, 281 Ark. 303, 663 S.W.2d 733 (1984); *Henderson* v. *Russell*, 267 Ark. 140, 589 S.W.2d 565 (1979).

When reading the applicable provisions of Act 114 of 1883

in conjunction with Article 12 of the Constitution, it is abundantly clear that both enactments have reference to taxes on property, especially since Ark. Code Ann. § 26-25-102 refers not only to Article 12, but also to taxes levied for general purposes. Further, in 1883, the only taxes of consequence were taxes on property, and the provisions of Act 114 should be construed keeping in mind the historical context and the taxing alternatives and conditions existing at the time of enactment. *See White* v. *Thornbrough*, 229 Ark. 96, 313 S.W.2d 384 (1958).

If, as the appellees contend, the levy by Maumelle is not a tax on property, is there statutory or constitutional authority for the tax?

Arkansas Code Annotated § 26-73-103(a) provides that, in addition to all other authority to levy taxes provided by law, any municipality may levy any tax not otherwise prohibited by law. However, no ordinance levying any other tax shall be valid until adopted at a special or general election by the qualified electors of the city.

Thus, if the tax is not a property tax levied for general purposes and subject to the limitations of Article 12 and Act 114 of 1883, the tax was one "not otherwise prohibited by law" and was approved by a vote of the citizens of Maumelle as required by the statute.

We conclude that the tax in question is not a property tax within the meaning of Article 12 or of Act 114. We construe the ordinance as one placing the tax on the "resident" or "occupant" of the property as opposed to a tax on the "residence" or upon the "real property." This conclusion is supported by the following facts: if the property is not occupied no tax is assessed; owners of undeveloped real property are not taxed; the apartment occupier, as opposed to the apartment owner, is taxed; the ordinance does not give rise to any lien on the "property" in the event of non-payment of the assessment.

As a second point for reversal, the appellants contend that the ordinance violates the equal protection clause of the Fourteenth Amendment of the United States Constitution. The appellant's hypothesis that the owner or occupier of a more valuable home receives more police protection or fire protection

or street lighting is unsupported by any evidence. It rests entirely upon speculation rather than reliable forms of proof.

It is well-established that a strong presumption of validity attaches to legislation enacted by the General Assembly; this principle holds for tax statutes as well as any other variety of legislation. *See Dicks* v. *Naff*, 255 Ark. 357, 500 S.W.2d 350 (1973). In *City of Mountain Home* v. *Drake*, 281 Ark. 336, 663 S.W.2d 738 (1984), where an ordinance which imposed an occupation tax was upheld, this court quoted with approval language from *Madden* v. *Kentucky*, 309 U.S. 83 (1940):

> . . . [T]he presumption of constitutionality can be overcome only by the most explicit demonstration that a classification is a hostile and oppressive discrimination against particular persons and classes. . . . [T]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it.

The record in the present case contains only the appellants' assertions of the tax's unequal impact — there was no explicit demonstration that the taxing method proved oppressively discriminatory. No disputed question of material fact existed apart from these unsubstantiated (and therefore immaterial) allegations. Hence, the trial court properly granted the appellees' motion to dismiss.

Affirmed.

HOLT, C.J., not participating.