Mr. John A. Murphey, Jr. State Librarian Arkansas State Library One Capitol Mall Little Rock, AR 72201-1081
Dear Mr. Murphey:
This is in response to your request for an opinion on the following question:
 Other than as provided by Arkansas Constitutional Amendments 30 and 38, can the voters of a county or city approve any tax, including but not limited to a sales tax, which by language on the ballot could be dedicated to the general maintenance and operation of a public library, and which once approved by the voters would not be subject to change or other use by a quorum court or city council? [Emphasis original.]
The ability of the voters to approve a tax other than that authorized in Amendments 30 and 38 to the Arkansas Constitution for the support of a public library will, in my opinion, turn on several factors, including, most importantly, the exact nature of the proposed tax. This follows from the fact that in addition to all other authority of local governments to levy taxes provided by law, any county or city may levy "any tax not otherwise prohibited by law," following an election. A.C.A. § 26-73-103(a); see also generally Holt v. City of Maumelle, 302 Ark. 51,786 S.W.2d 581 (1990). This will also apply to the power of the local voters to initiate legislation, because no local legislation may be enacted contrary to the general law of the state (or the constitution). Ark. Const. amend. 7.
Your question thus does not lend itself to a simple "yes" or "no" answer. Rather, a conclusive determination will require a case by case review. I will, however, set forth the relevant general considerations in an effort to provide a backdrop for the review of specific proposals.
Initial consideration must be given to the effect of the electorate's adoption of Amendments 30 and 38. These constitutional amendments do not, in my opinion, preclude alternative means for supporting a public library. It is well-established that the Arkansas Constitution is not a grant, but rather a limitation of power. Black v. Cockrill,239 Ark. 367, 389 S.W.2d 881 (1965). The legislature has the absolute power to legislate, unless prohibited from doing so by the constitution, either expressly or by necessary implication. Id. The Arkansas Supreme Court has also expressed its commitment to the doctrine that the maxim "expressio unius est exclusio alterius" (the expression of one thing is the exclusion of another) is not to be applied with the same rigor in construing the constitution as in connection with a statute. State v. Martin, 60 Ark. 343 (1895). "Only those things expressed in such positive affirmative terms as plainly imply the negative of what is not mentioned will be considered as inhibiting the powers of the legislature." Id.
These precepts compel the conclusion that revenue sources other than the tax levies authorized in Amendments 30 and 38 are not per se unconstitutional. I cannot conclude, however, that any tax will be lawful. Rather, each proposed levy would have to be considered in light of the surrounding circumstances. For instance, it is my opinion that a sales tax could, generally, offer a source of revenue for a public library. But the levy must be in accordance with state enabling legislation for counties and cities to levy and collect local sales tax. The power of counties and cities to authorize a tax on the sale of goods or services falls within the category of powers that require state delegation. See A.C.A. §§ 14-14-806 and 14-43-606. The potentially applicable provisions authorizing sales tax levies are found at A.C.A. §§ 26-73-113 (Cum. Supp. 1991) (alternative sales and use tax), 26-74-201 to -223 (1987 Cum. Supp. 1991) (county sales and use tax for capital improvements), 26-74-301 to -319 (1987 Cum. Supp. 1991) (county sales tax for capital improvements),[1] 26-74-401 to -414 (Cum. Supp. 1991) (sales and use tax for counties without existing tax), 26-75-201
to -223 (1987 Cum. Supp. 1991) (city sales and use tax for capital improvements), 26-75-301 to -318 (1987 Cum. Supp. 1991) (city sales tax for capital improvements), 14-164-327 (Cum. Supp. 1991) (sales and use tax to retire capital improvements bonds), and 14-164-338 (Cum. Supp. 1991) (alternative to issuance of bonds).
The ability of the voters of any county or city to approve a sales tax for support of a library will require reference to the above provisions in light of any current levies. The subsequent abolition of the tax will also depend upon the specific levying authority. See, e.g., A.C.A. §§ 26-74-210, 26-74-310, 26-74-405
(Cum. Supp. 1991), 26-75-210, and 26-75-310.
With regard to other taxes, the inquiry must focus on whether the tax is "not otherwise prohibited by law." A.C.A. § 26-73-103(a). For instance, as to property taxes, constitutional and statutory limitations must be recognized. Under A.C.A. § 26-25-101, counties are limited to levying 5 mills. See also Ark. Const. art. 19, § 9. The limitation for cities is found in A.C.A. §26-25-102 which, by referencing Article 12, § 4 of the Arkansas Constitution, sets the maximum levy at 5 mills. While the voters of a county or city could, in my opinion, as a general matter initiate local legislation to dedicate a portion of the property tax millage to the library, in accordance with their initiative powers under Ark. Const. amend. 7, the overall 5 mill limit must be recognized. It should also be noted that any measure approved by the voters may be amended or repealed by a two-thirds (2/3) vote of the quorum court or city council. A.C.A. § 14-14-918(b); Ark. Const. amend 7.
The appropriation limitation under A.C.A. § 13-2-501 (Cum. Supp. 1991) with respect to a city public library or reading room must, however, also be considered. The city council may allot a maximum of one-half (1/2) mill from all real and personal property tax revenue for the maintenance of a library established pursuant to this provision. Id.
Because the power of the local initiative is limited, under Amendment 7, to local legislation that is not contrary to the general law of the state, A.C.A. § 13-2-501 may, in some circumstances, prevent the city voters from levying a property tax in excess of 1/2 mill for the library.
It is apparent that your question of necessity involves a factual inquiry. While a conclusive response is therefore not possible, the foregoing will hopefully offer general guidance in addressing the surrounding issues.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It should be noted that this office has previously cautioned against reliance upon A.C.A. §§ 26-74-201 to -223 and26-74-301 to -319 as authority for imposition of two sales taxes.