The Honorable Brent Davis Prosecuting Attorney Second Judicial District P.O. Box 491 Jonesboro, AR 72403
Dear Mr. Davis:
This is in response to a request by Deputy Prosecuting Attorney James C. Hale, Jr., for an opinion on whether a county court clerk may issue a marriage license to two persons of the same sex.
In my opinion, the clerk may not issue a marriage license to two persons of the same sex.
A clerk is required by law to issue a marriage license "upon being fully assured that applicants are lawfully entitled to the license. . . ." A.C.A. § 9-11-203(a) (Repl. 1993). Conversely, a clerk who issues a license "to any persons who are declared by law as not entitled to the license" is subject to criminal liability. A.C.A. § 9-11-204 (Repl. 1993).
The provisions of the Arkansas Code Annotated relating to marriage licenses, codified at A.C.A. §§ 9-11-201 et seq. (Repl. 1993), neither expressly prohibit nor expressly permit marriage between two individuals of the same sex. In construing statutes, however, the fundamental rule is to give effect to the intent of the legislature. Thomas v. Cornell,316 Ark. 366, 872 S.W.2d 370 (1994). The intent is determined primarily from the ordinary meaning of the language used. Mountain Home School Dist.No. 9 v. T.M.J. Builders, Inc., 313 Ark. 661, 858 S.W.2d 74 (1993). In addition, a statute's historical context is an important consideration when attempting to determine the statute's meaning. Holt v. City ofMaumelle, 302 Ark. 51, 786 S.W.2d 581 (1990). Applying these rules to the marriage license provisions, it is my opinion that the legislature intended the licensing provisions to apply, and marriage licenses to be available, only to couples consisting of one woman and one man.
That intention is evidenced, in my view, by the plain meaning of A.C.A. § 9-11-208, which prohibits the issuance of a license if an applicant has not reached a specified age. The provision refers to one party to the application as "the female" and to the other as "the male." (Emphases supplied.) These references would make little or no sense if same-sex marriages were contemplated by the legislature. It also should be noted that the basic license requirement, A.C.A. § 9-11-201, was enacted in 1875, a time in our state's history in which the idea of same-sex marriage likely never occurred to anyone.
In addition, I believe it is implicit in the licensing provisions that a couple must be legally entitled to be married (and not just "lawfully entitled to the license") in order to receive a marriage license. For several reasons, it is my opinion that two individuals of the same sex are not legally entitled to be married under the laws of the State of Arkansas and thus are not entitled to a marriage license.
First, the Arkansas statutes governing marriage generally, A.C.A. §§9-11-101 et seq. (Repl. 1993), like the license provisions, simply do not admit the possibility of same-sex marriage. At least two statutory provisions in addition to the age provision described above refer to the parties to a marriage or contemplated marriage in such a way as to preclude their application to same-sex unions. Arkansas Code Annotated §9-11-103 establishes an exception to the statutory minimum age requirements when the female party to an intended marriage is pregnant and refers several times to "the female." (Emphasis supplied.) Like the references in A.C.A. § 9-11-208 described above, these references carry a clear implication, in my view, that the provision applies only to opposite-sex couples, and I can conceive of no reason why the legislature would not have made the exception applicable to same-sex couples as well if same-sex marriages were to be permitted.
Likewise, A.C.A. § 9-11-108 establishes a presumption of death in cases where one spouse abandons the other and lives outside the state for five years. It expressly refers to husbands who abandon their wives and wives who abandon their husbands. The presumption of death would not appear to apply if one party to a same-sex marriage abandoned the other, although there seems to be no logical reason that the presumption should not apply if same-sex marriages are possible.
Second, most or all consensual sexual activity between individuals of the same sex is criminal activity in Arkansas. A.C.A. § 5-14-122 (Repl. 1993). It would be difficult or impossible to reconcile that legislative determination with a conclusion that the legislature intended to permit same-sex marriage under the existing marriage statutes, for marriage would not appear to be a viable defense to a charge under A.C.A. §5-14-122.
Third, while the Supreme Court of Arkansas has not faced the issue squarely, the few available indications are that the court likely would not recognize a same-sex union as a marriage.
In DePotty v. DePotty, 226 Ark. 881, 295 S.W.2d 330 (1956), Justice McFaddin, dissenting from the decision recognizing the marriage in Arkansas of Arkansas residents even though no Arkansas license was obtained, stated:
 There have existed for many years throughout the States of the American union two types of marriages: (a) a common-law marriage; and (b) a licensed (or statutory) marriage. . . . A licensed marriage — or statutory marriage — exists when a man and a woman obtain a license from the proper authority to become husband and wife and then have a ceremony of marriage and return the certificate of marriage to the proper recording office."
226 Ark. at 886 (emphasis supplied).
In Hatcher v. Hatcher, 265 Ark. 681, 580 S.W.2d 475 (1979), Justice Fogleman, concurring in part and dissenting in part from a decision striking down on equal protection grounds a statute permitting maintenance and attorney's fees to wives, but not husbands, during the pendency of a divorce action, stated:
 Marriage itself is "gender-based" and requires "gender-based" classifications. Only a male can be a husband and only a female can be a wife. Singer v. Hara, 11 Wash. App. 247, 522 P.2d 1187 (1974); Baker v. Nelson, 291 Minn. 310, 191 N.W.2d 185 (1971), appeal dismissed for want of a substantial federal question, 409 U.S. 810, 93 S.Ct. 37, 34 L.Ed.2d 65; Anonymous v. Anonymous 67 Misc.2d 982, 325 N.Y.S.2d 499
(1971); Jones v. Hallahan, 501 S.W.2d 588, 63 ALR3d 1195 (Ky.App., 1973); M.T. v. J.T., 140 N.J.Super. 77, 355 A.2d 204 (1976). There are no "equal protection" barriers to a state's requiring that husbands be males and wives be females. Baker v. Nelson, supra; Singer v. Hara,
supra; Jones v. Hallahan, supra. In disposing of the equal protection argument, the Minnesota Supreme Court, in Baker (in which the U.S. Supreme Court found no substantial federal question), said:
 The equal protection clause of the Fourteenth Amendment, like the due process clause, is not offended by the state's classification of persons authorized to marry. There is no irrational or invidious discrimination. Petitioners note that the state does not impose upon heterosexual married couples a condition that they have a proved capacity or declared willingness to procreate, posing a rhetorical demand that this court must read such condition into the statute if same-sex marriages are to be prohibited. Even assuming that such a condition would be neither unrealistic nor offensive under the Griswold rationale, the classification is no more than theoretically imperfect. We are reminded, however, that "abstract symmetry" is not demanded by the Fourteenth Amendment.
 Marriage is, and always has been, a contract between a man (husband) and a woman (wife). B. v. B., 78 Misc.2d 112, 355 N.Y.S.2d 712 (1974). Anonymous v. Anonymous, supra. Marriage has been defined as "the civil status, condition, or relation of one man and one woman united in law for life, for the discharge to each other and the community of the duties legally incumbent upon those whose association is founded on the distinction of sex. Black's Law Dictionary, 4th Ed., p. 1123; B. v. B., supra; 55 C.J.S. 806, Marriage, § 1.
265 Ark. at 696-97.
And in Pickens-Bond Constr. Co. v. Case, 266 Ark. 323, 331, 584 S.W.2d 21
(1979), the court, in a statement that admittedly was clearly dictum, stated that "[m]arriage is a civil contract between a husband and a wife."
Finally, no American court that has squarely faced the issue has finally concluded that same-sex marriage is permissible. Dean v. District ofColumbia, 653 A.2d 307 (D.C. 1995); De Santo v. Barnsley,328 Pa.Super. 181, 476 A.2d 952 (1984) (addressing an alleged common-law marriage); Adams v. Howerton, 486 F.Supp. 1119 (C.D. Calif. 1980), aff'd 673 F.2d 1036 (9th Cir. 1982), cert. den. 458 U.S. 1111 (1982);B. v. B., 78 Misc.2d 112, 355 N.Y.S.2d 712 (1974); Singer v. Hara,11 Wash. App. 247, 522 P.2d 1187
(1974); Jones v. Hallahan, 501 S.W.2d 588 (Ky.App. 1973);Baker v. Nelson, 291 Minn. 310, 191 N.W.2d 185 (1971), appeal dismissed for want of a substantial federal question, 409 U.S. 810 (1972);Anonymous v. Anonymous, 67 Misc.2d 982, 325 N.Y.S.2d 499 (1971). All of the foregoing cases implicated state statutes that, like Arkansas's, neither expressly permitted nor expressly prohibited same-sex marriages. All of the opinions relied at least in part upon the ordinary and historical meanings of the word "marriage" and concluded that a same-sex marriage was not only impermissible but also impossible due to the nature of marriage as a relationship between two individuals of opposite sexes. Several also interpreted the use of phrases such as "the female" in marriage statutes as evidence of the legislature's intent that same-sex marriages are not permitted. See, e.g., De Santo v. Barnsley, supra,Singer v. Hara, supra, Baker v. Nelson, supra.
Several of the cases also rejected arguments that the state marriage statutes were unconstitutional under various provisions of the Constitution of the United States, including the First, Eighth, Ninth and Fourteenth Amendments, and under applicable state constitutions. SeeAdams v. Howerton, supra, Jones v. Hallahan, supra, Baker v. Nelson,supra. Baker v. Nelson, supra, is the leading case, primarily because the Supreme Court of the United States dismissed an appeal of that case, which raised issues under all four of the amendments mentioned above, on the ground that no substantial federal question was presented. Such a dismissal is an indication that the Supreme Court has considered and rejected the constitutional challenges to the state statute. Hicks v.Miranda, 422 U.S. 332 (1975).
While the court in Baehr v. Lewin, 74 Hawaii 530, 852 P.2d 44 (1993), reversed a trial court ruling that same-sex marriages are prohibited and remanded for further proceedings, the opinion was based upon provisions of the Hawaii Constitution, not upon a holding that the definition of "marriage" has evolved to a point where same-sex unions are within the meaning of the word.
In sum, then, it is my opinion that a county court clerk may not issue a marriage license to two persons of the same sex.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh